## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NOVATION COMPANIES, INC., *et al.*,[1] | Case No. 23-11153 (__) |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES; (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT; (III) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT; AND (IV) SETTING A FINAL HEARING RELATED THERETO

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for the entry of interim and final orders, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Interim Order**") and **Exhibit B** (the "**Proposed Final Order**," and together with the Proposed Interim Order, the "**Proposed Orders**"), pursuant to sections 105(a) and 366(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") and rule 6003(b) and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"): (i) prohibiting the Debtors' utility service providers from altering, refusing, or discontinuing utility services on account of prepetition invoices; (ii) deeming the Debtors' utility service providers adequately assured of future payment; (iii) establishing procedures for determining additional adequate assurance of future payment and authorizing the Debtors to provide additional adequate assurance of future

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Novation Companies, Inc. (0661), Novation Holding, Inc. (7576), Healthcare Staffing, Inc. (6045), and NovaStar Mortgage LLC (0743). The mailing address for each of the Debtors is 1724 Phoenix Parkway, Building 600, College Park, GA 30349.

payment to their utility service providers; and (iv) setting a final hearing related thereto.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Michael Wyse in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"),[2] filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 105(a) and 366 of the Bankruptcy Code.

**BACKGROUND**

**A.      General**

2.      On the date hereof (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in these chapter 11 cases and no request has been made for the appointment of a trustee or an examiner.

---

[2] Capitalized terms used but not defined herein shall have the meaning given to them in the First Day Declaration.

29374686.7

3.          Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the First Day Declaration.

**B.      Utility Companies and Utility Services**

4.          In connection with the operation of their businesses, the Debtors have various utility companies (each, a "**Utility Company**," and collectively, the "**Utility Companies**") that provide natural gas, electricity, telecommunications, internet connectivity, water, and other similar services (collectively, the "**Utility Services**") to the Debtors.  Attached hereto as **Exhibit C** is a list (the "**Utility Service List**") of Utility Companies providing services to the Debtors as of the Petition Date.[3]  The Utility Companies service the Debtors' various office buildings.  The Debtors could not operate their businesses or serve their customers in the absence of continuous Utility Services.  Thus, any interruption in such services would disrupt the Debtors' day-to-day operations and be harmful to their business.

5.          In general, other than payment interruptions that may have been caused by the commencement of these chapter 11 proceedings and the events that precipitated their filing, the Debtors have established a good payment history with the Utility Companies.  Historically, the Debtors have paid on average approximately $4,700 per month on account of the Utility Services.

## RELIEF REQUESTED

6.          By this Motion, the Debtors request that the Court enter the Proposed Orders: (i) prohibiting the Utility Companies from altering, refusing or discontinuing the Utility

---

[3]  The Debtors have endeavored to identify all of the Utility Companies and list them on **Exhibit C** hereto.  However, inadvertent omissions may have occurred, and the omission from **Exhibit C** hereto of any entity providing Utility Services to the Debtors shall not be construed as an admission, waiver, acknowledgement or consent that section 366 of the Bankruptcy Code does not apply to such entity.  In addition, the Debtors reserve the right to assert that any of the entities now or hereafter included on the Utility Service List are not "utilities" within the meaning of section 366(a) of the Bankruptcy Code.

Services on account of prepetition invoices, including the making of demands for security deposits or accelerated payment terms; (ii) determining that the Debtors have provided each of the Utility Companies with "adequate assurance of payment" within the meaning of section 366 of the Bankruptcy Code ("**Adequate Assurance**"), based on the Debtors' segregation of $2,400, which amount equals 50% of the Debtors' estimated monthly cost of the Utility Services subsequent to the Petition Date; (iii) establishing procedures for determining additional adequate assurance of future payment, if any, and authorizing the Debtors to provide additional adequate assurance of future payment to the Utility Companies (the "**Assurance Procedures**"); and (iv) setting a final hearing (the "**Final Hearing**") on the proposed Adequate Assurance and Assurance Procedures.

## BASIS FOR RELIEF

7.      The termination or cessation (even if only temporary) of any of the Utility Services will result in disruption to the Debtors' businesses, as well as a potential loss of revenue and profits.  Any interruption of the Utility Services would diminish or impair the Debtors' efforts to preserve and maximize the value of their estates and to successfully prosecute these chapter 11 cases.  It is therefore critical that the Utility Services continue uninterrupted.

8.      Section 366 of the Bankruptcy Code provides that, in a chapter 11 case, during the initial 30 days after the commencement of a case, utilities may not alter, refuse or discontinue service to, or discriminate against, a debtor solely on the basis of the commencement of its case or the existence of prepetition debts owed by the debtor.  Following such 30-day period under section 366(c) of the Bankruptcy Code, utilities may discontinue service to the debtor if the debtor does not provide adequate assurance of future payment of its postpetition obligations in a form that is satisfactory to the utility, subject to the Court's ability to modify the amount of adequate assurance.

29374686.7

4

9.      The Debtors intend to pay undisputed postpetition charges for the Utility Services when due in the ordinary course of business.  Nonetheless, to provide adequate assurance of payment for future services to the Utility Companies under section 366 of the Bankruptcy Code, the Debtors propose to segregate a sum of $2,400 (the "**Utility Deposit**"), which amount represents 50% of the Debtors' estimated monthly cost of the Utility Services subsequent to the Petition Date, within 20 days of the Petition Date, to be maintained during the pendency of these chapter 11 cases in the manner provided for herein and in the Proposed Orders.

10.     While the form of adequate assurance of payment may be limited to the types of security enumerated in section 366(c)(1)(A) of the Bankruptcy Code,[4] the determination of the amount of the adequate assurance is within the discretion of the Court.  It is well established that the requirement that a utility receive adequate assurance of payment does not require a guarantee of payment.  Instead, the protection granted to a utility under section 366 of the Bankruptcy Code is intended to avoid exposing the utility to an unreasonable risk of nonpayment.

11.     The Debtors submit that the Utility Deposit constitutes sufficient adequate assurance to the Utility Companies.  However, the Debtors propose to establish the Assurance Procedures, pursuant to which a Utility Company may request additional adequate assurance of payment.  If any Utility Company believes additional assurance is required, it may request such additional assurance pursuant to the Assurance Procedures.  The Assurance Procedures are as follows:

(a)      Any Utility Company desiring assurance of future payment for utility service beyond the Adequate Assurance must serve a request (an "**Additional Assurance Request**") so that it is received by the following (the "**Adequate Assurance Notice Parties**"):  (i) Novation Companies, Inc., 51 JFK Parkway, Short Hills, New Jersey 07078, Attn:

---

[4] Section 366(c)(1)(A) provides that "assurance of payment" may be in the form of a cash deposit, letter of credit, certificate of deposit, surety bond, prepayment of utility consumption, or another form of security that is mutually agreed on between the utility and the debtor.  11 U.S.C. § 366(c)(1)(A).

Michael Wyse (mwyse@wyseadvisorsllc.com); (ii) proposed counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Allison S. Mielke (amielke@ycst.com) and Kristin L. McElroy (kmcelroy@ycst.com); and (iii) counsel to any official committee of unsecured creditors appointed in these chapter 11 cases.

(b)     Unless and until a Utility Company serves on the Adequate Assurance Notice Parties an Additional Assurance Request in accordance with the Assurance Procedures, and such Additional Assurance Request is resolved so as to require additional assurances of payment in the form of deposits, prepayments or otherwise to such Utility Company, such Utility Company will be prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges, or requiring additional assurance of payment other than the Adequate Assurance.

(c)     Any Additional Assurance Request must:   (i) be made in writing; (ii) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (iii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iv) describe any deposits, prepayments or other security currently held by the requesting Utility Company; and (v) explain why the requesting Utility Company believes the Adequate Assurance is insufficient adequate assurance of future payment.

(d)     Upon the Debtors' receipt of an Additional Assurance Request by the Adequate Assurance Notice Parties, the Debtors shall have 30 days from the date of receipt of such request (collectively, the "**Resolution Period**") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request.  The Debtors and the applicable Utility Company also may agree to extend the Resolution Period.

(e)     The Debtors, in their discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in their discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtors believe such additional assurance is reasonable.  Without the need for any notice to, or action, order or approval of, the Court, the Debtors may reduce the amount of the Utility Deposit by any amount allocated to a particular Utility Company to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtors and the affected Utility Company.

(f)   If the Debtors determine that an Additional Assurance Request is not reasonable or are not able to resolve such request during the Resolution Period, the Debtors, during or promptly after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "**Determination Hearing**"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code, which Determination Hearing shall be held at the next regularly-scheduled omnibus hearing in these chapter 11 cases that is not less than 15 days after the Resolution Period or such other date and time agreed to by the parties.

(g)   The Adequate Assurance shall be deemed adequate assurance of payment for any Utility Company that fails to make an Additional Assurance Request.

12.   In addition to establishing the Assurance Procedures, the Debtors request a Final Hearing on this Motion to be held within 25 days of the Petition Date to ensure that, if a Utility Company argues it can unilaterally refuse service to the Debtors on the 31st day after the Petition Date, the Debtors will have the opportunity, to the extent necessary, to request that the Court make such modifications to the Assurance Procedures in time to avoid any potential termination of the Utility Services.

13.   It is possible that, despite the Debtors' efforts, certain Utility Companies have not yet been identified by the Debtors or included on the Utility Service List (each, an "**Additional Utility Company**," and collectively, the "**Additional Utility Companies**"). Thus, promptly upon the discovery of an Additional Utility Company, the Debtors will increase the Utility Deposit by an amount equal to approximately two weeks of the Debtors' estimated aggregate utility expense for each Additional Utility Company subsequent to the Petition Date.  In addition, the Debtors request that the Court provide that the Additional Utility Companies are subject to the terms of the Proposed Orders (including the Assurance Procedures) once entered by the Court.

14.   Further, it is possible that during the course of these chapter 11 cases, certain utility accounts with respect to which funds have been contributed to the Utility Deposit will be

closed (each, a "**Closed Account**").  The Debtors request that if any utility account with a Utility Company becomes a Closed Account during the course of these chapter 11 cases, the Debtors shall be authorized to decrease the amount of the Utility Deposit by the amount segregated with respect to such Closed Account, provided that the Debtors (i) obtain the affected Utility Company's consent to do so or (ii) provide the affected Utility Company with 14 days' prior written notice of their intent to do so and receive no response to such notice.

15.     The Debtors submit that their proposed method of furnishing adequate assurance of payment for postpetition Utility Services is not prejudicial to the rights of any Utility Company, and is in the best interests of the Debtors' estates and creditors.  Because uninterrupted Utility Services are vital to the Debtors' businesses and, consequently, to the success of these chapter 11 cases, the relief requested herein is necessary and in the best interests of the Debtors' estates and creditors.  Such relief ensures that the Debtors' business operations will not experience any unexpected or inopportune interruption during the pendency of these chapter 11 cases, and provides the Utility Companies and the Debtors with an orderly, fair procedure for determining "adequate assurance" of payment.

16.     For the foregoing reasons, the Debtors believe that granting the relief requested herein is appropriate and in the best interests of their estates and creditors.

## SATISFACTION OF BANKRUPTCY RULE 6003

17.     Pursuant to Bankruptcy Rule 6003(b), any motion seeking to use property of the estate pursuant to section 363 of the Bankruptcy Code or to satisfy prepetition claims within 21 days of the Petition Date requires the Debtors to demonstrate that such relief "is necessary to avoid immediate and irreparable harm."  As set forth throughout this Motion, any disruption of the Utility Services would substantially diminish or impair the Debtors' efforts in these chapter 11 cases to preserve and maximize the value of their estates.

29374686.7

18.     For this reason and those set forth above, the Debtors respectfully submit that Bankruptcy Rule 6003(b) has been satisfied and the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

### WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)

19.     Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  As set forth throughout this Motion, any interruption of the Utility Services would substantially diminish or impair the Debtors' efforts to successfully prosecute these chapter 11 cases.

20.     For this reason and those set forth above, the Debtors submit that ample cause exists to justify a waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable to the Proposed Orders.

### RESERVATION OF RIGHTS

21.     Nothing in the Proposed Orders or this Motion:  (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Utility Company; or (iv) shall be construed as a promise to pay a claim.

29374686.7

## NOTICE

22.     Notice of this Motion will be provided to: (i) the Office of the United States
Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the District
of Delaware; (iii) the Internal Revenue Service; (iv) the Debtors' twenty (20) largest unsecured
creditors (excluding insiders); (v) the U.S. Securities and Exchange Commission; (vi) counsel to
Nighthawks Holdings I, LLC; (vii) HOMF II Distressed Opportunities, Ltd.; (viii) Taberna
Preferred Funding I, Ltd. and Taberna Preferred Funding II, Ltd.; (ix) Kodiak CDO Management,
LLC; (x) counsel to Wilmington Savings Fund Society, FSB, as Collateral Agent for the
Prepetition Lenders; and (xi) the Utility Companies. Notice of this Motion and any order entered
hereon will be served in accordance with Rule 9013-1(m) of the Local Rules of Bankruptcy
Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. In
light of the nature of the relief requested herein, the Debtors submit that no other or further notice
is necessary.

*[Signature page follows]*

29374686.7

## CONCLUSION

WHEREFORE, the Debtors request the entry of the Proposed Orders, granting the

relief requested herein and such other and further relief as is just and proper.

Dated: August 13, 2023
      Wilmington, DE

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Kristin L. McElroy*

Robert S. Brady (No. 2847)
Robert F. Poppiti, Jr. (No. 5052)
Allison S. Mielke (No. 5934)
Kristin L. McElroy (No. 6871)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Email: rbrady@ycst.com
      rpoppiti@ycst.com
      amielke@ycst.com
      kmcelroy@ycst.com

*Proposed Counsel to the Debtors*

29374686.7

11

**EXHIBIT A**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| NOVATION COMPANIES, INC., *et al.*,[1] | Case No. 23-11153 (___) |
| Debtors. | (Jointly Administered) |
|  | **Docket Ref. No. ___** |

**INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES
FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES;
(II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE
PAYMENT; (III) ESTABLISHING PROCEDURES FOR DETERMINING
ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT; AND
(IV) SETTING A FINAL HEARING RELATED THERETO**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors
and debtors in possession (collectively, the "**Debtors**") for the entry of interim and final orders,
pursuant to sections 105(a) and 366(b) of the Bankruptcy Code, (i) prohibiting the Utility
Companies from altering, refusing, or discontinuing Utility Services on account of prepetition
invoices; (ii) deeming the Utility Companies adequately assured of future payment;
(iii) establishing Assurance Procedures for determining additional adequate assurance of future
payment and authorizing the Debtors to provide additional adequate assurance of future payment
to the Utility Companies; and (iv) setting a final hearing related thereto; and upon consideration
of the Motion and all pleadings related thereto, including the First Day Declaration; and due and
proper notice of the Motion having been given; and it appearing that no other or further notice of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Novation Companies, Inc. (0661), Novation Holding, Inc. (7576), Healthcare Staffing, Inc. (6045), and NovaStar Mortgage LLC (0743). The mailing address for each of the Debtors is 1724 Phoenix Parkway, Building 600, College Park, GA 30349.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interests of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      Subject to the Assurance Procedures set forth below, no Utility Company may (a) alter, refuse, terminate or discontinue Utility Services to, or discriminate against, the Debtors on the basis of the commencement of these chapter 11 cases or on account of outstanding prepetition invoices; or (b) require additional assurance of payment, other than the Utility Deposit, as a condition to the Debtors receiving such Utility Services.

3.      The Debtors shall segregate, as adequate assurance for the Utility Companies, $2,400 in the aggregate (the "**Utility Deposit**") within 20 days of the Petition Date to be maintained during the pendency of these chapter 11 cases as provided for herein.  The Utility Deposit shall be maintained at a bank that has executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware.

4.      Subject to the Assurance Procedures set forth below, the Utility Deposit constitutes adequate assurance of future payment to the Utility Companies under section 366 of the Bankruptcy Code (the "**Adequate Assurance**").

5.      The following Assurance Procedures are approved in all respects:

(a)      Any Utility Company desiring assurance of future payment for utility service beyond the Adequate Assurance must serve a request

(an "**Additional Assurance Request**") so that it is received by the following (the "**Adequate Assurance Notice Parties**"): (i) Novation Companies, Inc., 51 JFK Parkway, Short Hills, New Jersey 07078, Attn: Michael Wyse (mwyse@wyseadvisorsllc.com); (ii) proposed counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Allison S. Mielke (amielke@ycst.com) and Kristin L. McElroy (kmcelroy@ycst.com); and (iii) counsel to any official committee of unsecured creditors appointed in these chapter 11 cases.

(b) Unless and until a Utility Company serves on the Adequate Assurance Notice Parties an Additional Assurance Request in accordance with the Assurance Procedures, and such Additional Assurance Request is resolved so as to require additional assurances of payment in the form of deposits, prepayments or otherwise to such Utility Company, such Utility Company will be prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges, or requiring additional assurance of payment other than the Adequate Assurance.

(c) Any Additional Assurance Request must: (i) be made in writing; (ii) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (iii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iv) describe any deposits, prepayments or other security currently held by the requesting Utility Company; and (v) explain why the requesting Utility Company believes the Adequate Assurance is insufficient adequate assurance of future payment.

(d) Upon the Debtors' receipt of an Additional Assurance Request by the Adequate Assurance Notice Parties, the Debtors shall have 30 days from the date of receipt of such request (collectively, the "**Resolution Period**") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Debtors and the applicable Utility Company also may agree to extend the Resolution Period.

(e) The Debtors, in their discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in their discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtors believe such additional assurance is reasonable. Without the need for any notice to, or action, order or approval of, the Court, the Debtors may reduce the amount of the Utility Deposit by any amount allocated to a particular Utility Company to the extent

consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtors and the affected Utility Company.

(f)     If the Debtors determine that an Additional Assurance Request is not reasonable or are not able to resolve such request during the Resolution Period, the Debtors, during or promptly after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "**Determination Hearing**"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code, which Determination Hearing shall be held at the next regularly-scheduled omnibus hearing in these chapter 11 cases that is not less than 15 days after the Resolution Period or such other date and time agreed to by the parties.

(g)     The Adequate Assurance shall be deemed adequate assurance of payment for any Utility Company that fails to make an Additional Assurance Request.

6.     The Debtors are authorized, as necessary, to provide a copy of this Order, or any final order approving the relief requested in the Motion (any such order, the "**Final Order**"), as applicable, to any Utility Company not listed on the Utility Service List (each, an "**Additional Utility Company**," and collectively, the "**Additional Utility Companies**") as such Utility Companies are identified.  Promptly upon providing a copy of this Order or the Final Order, as applicable, to an Additional Utility Company, the Debtors shall increase the Utility Deposit by an amount equal to approximately two weeks of the Debtors' estimated aggregate utility expense for such Additional Utility Company subsequent to the Petition Date.  The Additional Utility Companies shall be subject to the terms of this Order and the Final Order, including the Assurance Procedures.

7.     Each Utility Company shall be deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code unless and until: (a) the Debtors, in their discretion, agree to an alternative assurance of payment with the Utility Company; or (b) this Court enters an order, after a Determination Hearing, requiring that additional adequate assurance of payment be provided to the Utility Company.

29374686.7

8.      If any utility account with a Utility Company becomes a Closed Account during the course of these chapter 11 cases, without the need for further order of this Court or notice to any parties except as otherwise provided herein, the Debtors shall be authorized to decrease the amount of the Utility Deposit by the amount deposited with respect to such Closed Account, provided that the Debtors (i) obtain the affected Utility Company's consent to do so, or (ii) provide the affected Utility Company with 14 days' prior written notice of their intent to do so and receive no response to such notice.  Upon the earlier of the effective date of a chapter 11 plan in these cases or such other time as these cases may be closed, the Debtors may be relieved of the obligation to maintain the Utility Deposit without the need for any notice to, or action, order or approval of, this Court.

9.      A final hearing on the relief sought in the Motion shall be conducted on _____, 2023 at _____ (ET) (the "**Final Hearing**").  Any party-in-interest objecting to the relief sought at the Final Hearing or the Proposed Final Order shall file and serve a written objection, which objection shall be served upon proposed counsel for the Debtors so as to be received no later than _____, 2023 at 4:00 p.m. (ET).  If no objections to the entry of the proposed Final Order are timely filed, this Court may enter the proposed Final Order without further notice or a hearing.

10.      Nothing in this Order:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; (c) shall impair, prejudice, waive or

otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Utility Company; or (d) shall be construed as a promise to pay a claim.

11.     Nothing in this Order is intended or shall be deemed to constitute a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List or is served with a copy of this Order, the Motion or the Proposed Final Order.

12.     The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

13.     The requirements of Bankruptcy Rule 6003(b) are satisfied.

14.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

15.     All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

29374686.7

**EXHIBIT B**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| NOVATION COMPANIES, INC., *et al.*,[1] | ) |
|  | ) Case No. 23-11153 (__) |
|  | ) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) **Docket Ref. Nos. ___ & ___** |

**FINAL ORDER (I) PROHIBITING UTILITY COMPANIES
FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES;
(II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE
PAYMENT; AND (III) ESTABLISHING PROCEDURES FOR DETERMINING
ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors

and debtors in possession (collectively, the "**Debtors**") for the entry of interim and final orders,

pursuant to sections 105(a) and 366(b) of the Bankruptcy Code, (i) prohibiting the Utility

Companies from altering, refusing, or discontinuing Utility Services on account of prepetition

invoices; (ii) deeming the Utility Companies adequately assured of future payment;

(iii) establishing Assurance Procedures for determining additional adequate assurance of future

payment and authorizing the Debtors to provide additional adequate assurance of future payment

to the Utility Companies; and (iv) setting a final hearing related thereto; and upon consideration

of the Motion and all pleadings related thereto, including the First Day Declaration; and due and

proper notice of the Motion having been given; and it appearing that no other or further notice of

the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Novation Companies, Inc. (0661), Novation Holding, Inc. (7576), Healthcare Staffing, Inc. (6045), and NovaStar Mortgage LLC (0743). The mailing address for each of the Debtors is 1724 Phoenix Parkway, Building 600, College Park, GA 30349.

[2]  Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion.

accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this

proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing

that the relief requested in the Motion and provided for herein is in the best interests of the Debtors,

their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.     The Motion is GRANTED on a final basis as set forth herein.

2.     Subject to the Assurance Procedures set forth below, no Utility Company

may (a) alter, refuse, terminate or discontinue Utility Services to, or discriminate against, the

Debtors on the basis of the commencement of these chapter 11 cases or on account of outstanding

pre-petition invoices or (b) require additional assurance of payment, other than the Utility Deposit,

as a condition to the Debtors receiving such Utility Services.

3.     To the extent not already segregated, the Debtors shall segregate, as

adequate assurance for the Utility Companies, $2,400 in the aggregate (the "**Utility Deposit**")

within 20 days of the Petition Date to be maintained during the pendency of these chapter 11 cases

as provided for herein.  The Utility Deposit shall be maintained at a bank that has executed a

Uniform Depository Agreement with the Office of the United States Trustee for the District of

Delaware.

4.     Subject to the Assurance Procedures set forth below, the Utility Deposit

constitutes adequate assurance of future payment to the Utility Companies under section 366 of

the Bankruptcy Code (the "**Adequate Assurance**").

5.     The following Assurance Procedures are approved in all respects:

(a)     Any Utility Company desiring assurance of future payment for utility
service beyond the Adequate Assurance must serve a request

(an "**Additional Assurance Request**") so that it is received by the following (the "**Adequate Assurance Notice Parties**"): (i) Novation Companies, Inc., 51 JFK Parkway, Short Hills, New Jersey 07078, Attn: Michael Wyse (mwyse@wyseadvisorsllc.com); (ii) proposed counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Allison S. Mielke (amielke@ycst.com) and Kristin L. McElroy (kmcelroy@ycst.com); and (iii) counsel to any official committee of unsecured creditors appointed in these chapter 11 cases.

(b)     Unless and until a Utility Company serves on the Adequate Assurance Notice Parties an Additional Assurance Request in accordance with the Assurance Procedures, and such Additional Assurance Request is resolved so as to require additional assurances of payment in the form of deposits, prepayments or otherwise to such Utility Company, such Utility Company will be prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges, or requiring additional assurance of payment other than the Adequate Assurance.

(c)     Any Additional Assurance Request must:  (i) be made in writing; (ii) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (iii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iv) describe any deposits, prepayments or other security currently held by the requesting Utility Company; and (v) explain why the requesting Utility Company believes the Adequate Assurance is insufficient adequate assurance of future payment.

(d)     Upon the Debtors' receipt of an Additional Assurance Request by the Adequate Assurance Notice Parties, the Debtors shall have 30 days from the date of receipt of such request (collectively, the "**Resolution Period**") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request.  The Debtors and the applicable Utility Company also may agree to extend the Resolution Period.

(e)     The Debtors, in their discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in their discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtors believe such additional assurance is reasonable.  Without the need for any notice to, or action, order or approval of, the Court, the Debtors may reduce the amount of the Utility Deposit by any amount allocated to a particular Utility Company to the extent

consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtors and the affected Utility Company.

(f)     If the Debtors determine that an Additional Assurance Request is not reasonable or are not able to resolve such request during the Resolution Period, the Debtors, during or promptly after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "**Determination Hearing**"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code, which Determination Hearing shall be held at the next regularly-scheduled omnibus hearing in these chapter 11 cases that is not less than 15 days after the Resolution Period or such other date and time agreed to by the parties.

(g)     The Adequate Assurance shall be deemed adequate assurance of payment for any Utility Company that fails to make an Additional Assurance Request.

6.     The Debtors are authorized, as necessary, to provide a copy of this Order to any Utility Company not listed on the Utility Service List (each, an "**Additional Utility Company**," and collectively, the "**Additional Utility Companies**") as such Utility Companies are identified.  Promptly upon providing a copy of this Order to an Additional Utility Company, the Debtors shall increase the Utility Deposit by an amount equal to approximately two weeks of the Debtors' estimated aggregate utility expense for such Additional Utility Company subsequent to the Petition Date.  The Additional Utility Companies shall be subject to the terms of this Order, including the Assurance Procedures.

7.     Each Utility Company shall be deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code unless and until:  (a) the Debtors, in their discretion, agrees to an alternative assurance of payment with the Utility Company; or (b) this Court enters an order, after a Determination Hearing, requiring that additional adequate assurance of payment be provided to the Utility Company.

8.     If any utility account with a Utility Company becomes a Closed Account during the course of these chapter 11 cases, without the need for further order of this Court or

29374686.7

4

notice to any parties except as otherwise provided herein, the Debtors shall be authorized to decrease the amount of the Utility Deposit by the amount deposited with respect to such Closed Account, provided that the Debtors (i) obtain the affected Utility Company's consent to do so, or (ii) provide the affected Utility Company with seven days' prior written notice of their intent to do so and receive no response to such notice.  Upon the earlier of the effective date of a chapter 11 plan in these cases or such other time as these cases may be closed, the Debtors may be relieved of the obligation to maintain the Utility Deposit without the need for any notice to, or action, order or approval of, this Court.

9.      Nothing in this Order:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; (c) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Utility Company; or (d) shall be construed as a promise to pay a claim.

10.      Nothing in this Order is intended or shall be deemed to constitute a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List or is served with a copy of the interim order on the Motion previously entered by this Court, this Order or the Motion.

11.      The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

12.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

29374686.7

13.     All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

14.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

29374686.7

## EXHIBIT C

### Utility Service List

| UTILITY PROVIDER NAME | ADDRESS | ACCOUNT NUMBERS | SERVICE(S) |
|---|---|---|---|
| AT&T, INC. | P.O. BOX 5014<br>CAROL STREAM, IL 60197-5014 | 287268707830 | INTERNET |
| CITY OF COLLEGE PARK | P.O. BOX 102609<br>COLLEGE PARK, GA 30368-2609 | 40815405-03 | ELECTRIC / GAS |
| COMCAST – SAVANNAH | P.O. BOX 71211<br>CHARLOTTE, NC 28272-1211 | 8396100442242870 | PHONE / INTERNET |
| METTEL TELECOMMUNICATIONS | P.O. BOX 9660<br>MANCHESTER, NH 03108-9660 | 100526212 | PHONE / INTERNET |
| SCANA ENERGY | P.O. BOX 100157<br>COLUMBIA, SC 29202-3157 | 2310126745894 | ELECTRIC / GAS |
| VERIZON WIRELESS | P.O. BOX 660108<br>DALLAS, TX 75266-0108 | 64202538-00001 | PHONE |

29374686.7